## Isaac Keith *vs.* Quincy Mutual Fire Insurance Company

If a policy of insurance upon a trip-hammer shop with the machinery therein contains a provision that the policy shall be void if the building remains unoccupied over thirty days without notice, it is not erroneous to instruct the jury that " it is not sufficient tc constitute occupancy that the tools remained in the shop and that the plaintiff's son went through the shop almost every day to look around and see if things were right, but some practical use must have been made of the building; and if it thus remained without any practical use for the space of thirty days, it was, within the meaning of the policy, an unoccupied building for that time, and the policy became void."

Contract upon a policy of insurance for one year, dated February 21st 1863, issued by the defendants upon the plaintiff's wooden building in West Sandwich, occupied by him for a trip-hammer shop, and on a water-wheel and the machinery

therein. The policy contained a provision that " if the building insured remains unoccupied over thirty days without notice, this policy shall be void." The answer set up, amongst other things, that at the time of the alleged fire the building had remained unoccupied for many months.

At the trial in the superior court, before *Lord*, J., a verdict was rendered for the defendants. The plaintiff tendered a bill of exceptions, which the judge refused to allow, certifying that the report was very erroneous in many respects; that the ruling upon the question of occupancy was as given, but in all other respects the bill was so erroneous that it must be disallowed. The ruling upon the question of occupancy was as follows: " It is not sufficient to constitute occupancy that the tools remained in the shop, and that the plaintiff's son went through the shop almost every day to look around and see if things were right, but some practical use must have been made of the building; and if it thus remained without any practical use for the space of thirty days, it was, within the meaning of the policy, an unoccupied building for that time, and the policy became void."

The first count in the declaration was upon an agreement to renew a former policy of insurance upon the same premises, which expired on the day of the date of this policy, and which did not contain the provision requiring the building to be occupied; and the answer denied the making of any such agreement. The plaintiff's bill of exceptions, as tendered, contained a statement of certain facts upon which he contended that this count could be supported, and also of a ruling of the court that he could not rely and recover upon it.

The plaintiff also took some steps towards proving the truth of his bill of exceptions, as tendered to the judge of the superior court; but no additional exception was ever established or allowed.

*F. W. Sawyer*, for the plaintiff. The meaning given by the judge to the word " unoccupied " is erroneous. The true meaning, as applied to buildings, is, " not taken up, vacant, unused." Any substantial use of premises by persons, tools or furniture is an occupancy. *Walker* v. *Furbush*. 11 Cush. 366. This shop

was no more unoccupied than is a store with goods in it, during the night; a dwelling-house, when the family are away; a ware-house when no goods are coming in or going out; a farmer's barn, full of products; or a school-house during vacation.

*G. Marston,* for the defendants.

DEWEY, J. This case must be decided solely upon the ruling of the court with reference to the clause in the policy, " if the building insured remains unoccupied over thirty days without notice, this policy shall be void." The plaintiff had procured a policy of insurance upon a wooden building occupied by him for a trip-hammer shop. The presiding judge, in reference to the defence set up in the answer that the building had remained unoccupied over thirty days without notice, instructed the jury that " it is not sufficient to constitute occupancy that the tools remained in the shop, and that the plaintiff's son went through the shop almost every day to look around to see if things were right, but some practical use must have been made of the build-ing; and if it thus remained without any practical use for the space of thirty days, it was, within the meaning of the policy an unoccupied building for that time, and the policy became void."

As adapted to the provisions in the policy, we cannot say that these instructions were erroneous. The case presented is only the abstract one of the correctness of the general principle stated, the particular facts of the case not being before us by any allowed bill of exceptions. The presiding judge refused to certify the bill of exceptions as drawn up by the counsel for the plaintiff, and, upon a hearing before this court on the application in behalf of the plaintiff for an allowance of the same, it has only further appeared that the plaintiff offered to prove that the defendant's agent through whom the insurance was effected knew how the trip-hammer shop had been used by the plaintiff in previous years, and that it had always been used from time to time, as the course of the plaintiff's business required trip-hammer and other lighter forging work. But this evidence of such knowledge, if in the case and if unobjectionable otherwise would be immaterial, as the stipulation in the policy alleged to

nave been violated was wnolly in reference to the future, and was not to be qualified by any particular previous use of this trip-hammer shop.

The court also properly ruled that the plaintiff could not recover under the first count, setting forth an agreement to insure in a different form. The plaintiff received the policy without objection, and it thus became a valid contract between the parties. He gave notice of his loss under it, and has sought to make it the foundation of a legal claim.

*Exceptions overruled.*